IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTONIO DUDLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-229-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner ANTONIO DUDLEY has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging a state prison disciplinary ruling. [ECF 9]. In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In response to Question 16 of his form habeas application, petitioner advises he is eligible for release on mandatory supervision. [ECF 9 at 5]. However, on February 27, 2019, respondent filed an Answer arguing petitioner's habeas corpus application should be dismissed with prejudice because petitioner is not, in fact, eligible for mandatory supervised release. [ECF 18].

On October 8, 1989, petitioner was convicted in the 208th Judicial District Court of Harris County, Texas of the first degree felony offense of attempted murder. *State v. Dudley*, No. 534,058

[ECF 15-1 at 3]. In response to Question 15 of his form habeas application, petitioner states that for his original conviction, there was not a judicial finding that he used or exhibited a deadly weapon during the commission of his original offense. [ECF 9 at 5]. However, a Commitment Inquiry submitted by respondent reflects there was, in fact, an affirmative deadly weapon finding in petitioner's judgment of conviction. [ECF 15-1 at 3]. In a post-answer pleading filed March 19, 2019, petitioner does not dispute that there was an affirmative deadly weapon finding in his original judgment of conviction, nor does he otherwise address respondent's argument that as a result of such a finding and his ineligibility for release to mandatory supervision, that petitioner's claims cannot provide a basis for federal habeas corpus relief. [ECF 17].

The mandatory supervision eligibility statute in effect when petitioner committed his attempted murder offense[1] on June 18, 1989 stated "[a] prisoner may not be released to mandatory supervision if the prisoner is serving for an offense and the judgment for the offense contains an affirmative [deadly weapon] finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12, of this code . . . ." Tex. Code Crim. Proc. art. 42.18 § 8(c) (1989). Based on the record submitted by respondent, it appears the judgment for petitioner's holding conviction contained an affirmative deadly weapon finding rendering petitioner ineligible for release to mandatory supervision. As petitioner is not eligible for mandatory supervised release as a result of the deadly weapon finding made in relation to his attempted murder conviction, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus and is not entitled to any federal habeas corpus relief. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application must be DENIED.

---

[1] Mandatory supervision eligibility is determined based on the statute in effect at the time the offense is committed. *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex.Crim.App. 1999).

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the Senior United States District Judge that the petition for a writ of habeas corpus filed by petitioner ANTONIO DUDLEY be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 20, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS*

*Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

Hab54\Disc\FCR\Ramos-104.Inel-Murder-AggAsslt-DW-Life:2